```
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X    Docket No.
                                                07 CV 5778
DAVID SILBERSTEIN,

                         Plaintiff,            ANSWER

        - against -
                                                J. Koeltl
BEST BUY CO., INC.,

                         Defendant.
------------------------------------------X
```

Defendant, BEST BUY STORES, L.P. s/h/a BEST BUY CO., INC. ("BEST BUY"), by its attorneys, SIMMONS, JANNACE & STAGG, L.L.P., as and for its Answer to the Complaint of plaintiff, responds as follows:

    1.  Denies the allegations contained in numbered paragraph "1" of the complaint.

    2.  Denies the allegations contained in numbered paragraph "2" of the Complaint, except admits upon information and belief, BEST BUY was licensed to conduct business within the State of New York, being a foreign Limited Partnership.

    3.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "3" of the Complaint and leaves all questions of law to the court.

    4.  Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered

paragraph "4" of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "5" of the Complaint and leaves all questions of law to the court.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "6" of the Complaint and leaves all questions of law to the court.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "7" of the Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "8" of the Complaint.

9. Denies the allegations contained in numbered paragraph "9" of the Complaint.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in numbered paragraph "10" of the Complaint.

11. Denies the allegations contained in numbered paragraph "11" of the Complaint.

12. Denies the allegations contained in numbered paragraph "12" of the Complaint.

13. Denies the allegations contained in numbered paragraph "13" of the Complaint.

14. Denies the allegations contained in numbered paragraph "14" of the Complaint.

15. Denies the allegations contained in numbered paragraph "15" of the Complaint.

16. Denies the allegations contained in numbered paragraph "16" of the Complaint.

17. Denies plaintiff is entitled to the relief requested in the "WHEREFORE CLAUSE."

18. Defendant demands that liability, if any, be apportioned.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. Upon information and belief, plaintiff has not effectuated valid service, pursuant to the CPLR, and therefore, this Court lacks jurisdiction over the person of the defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint fails to state a cause of action.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21. Pursuant to CPLR Article 10, this action cannot be properly brought without a necessary party, and therefore, this action must be dismissed.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

22. Upon information and belief, the injuries allegedly sustained by plaintiff were not as a result of any culpable conduct by the defendant herein, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportion of the culpable conduct of plaintiff, which contributed to or caused plaintiff's alleged injury.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

23. Upon information and belief, any damages sustained by plaintiff(s) were caused, in whole or in part, by the culpable conduct of plaintiff(s) and/or were aggravated by the culpable conduct of plaintiff(s).

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

24. If plaintiff proves at trial the existence of a dangerous condition, all of which is denied, upon information and belief, any damages sustained by plaintiff were caused by plaintiff's having voluntarily and unreasonably assumed a known and dangerous risk, and/or the damages were caused by or aggravated by such conduct.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

25. This defendant will rely upon the provisions of Article 16 of the CPLR with regard to the limitation of joint and several liability.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

26. Upon information and belief, defendant never received actual or constructive notice of any defective or dangerous condition, and therefore, they cannot be liable for any alleged damages suffered by plaintiff.

**AS AND FOR AN NINTH AFFIRMATIVE DEFENSE**

27. Upon information and belief, if plaintiff suffered any damages as alleged in the Verified Complaint, such damages were as a result of an independent superseding act by a third party for which defendant cannot be held liable, and defendant's conduct was in no way the proximate cause of such damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

28. If plaintiff suffered damages as alleged, then plaintiff failed to mitigate such damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

29. Upon information and belief, any damages sustained by the plaintiff were caused, in whole or in part, by an unavoidable accident, which was not intended and could not have been foreseen or prevented by the exercise of reasonable care.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

30. The Complaint was unsigned rendering it a nullity.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

31. If plaintiff herein has received remuneration and/or compensation for some or all of their claimed economic loss, or will with reasonable certainty receive remuneration and/or compensation for said loss in the future, this defendant is entitled to have plaintiff's award, if any, reduced by the amount of said remuneration and/or compensation, pursuant to Section 4545(c) of the CPLR.

**WHEREFORE**, for all of the foregoing reasons, it is respectfully requested that plaintiff's Complaint be dismissed in its entirety, and that defendant be awarded the costs and disbursements of this action, reasonable attorneys' fees, such other and further relief as this Court deem just and proper.

Dated:   Syosset, New York
         June 19, 2007

             Yours, etc.,

             SIMMONS, JANNACE & STAGG, L.L.P.

             BY: _____
                 SAL F. DELUCA (sd-2354)

             Attorneys for Defendant
             BEST BUY STORES, L.P. s/h/a
             BEST BUY CO., INC.
             **Office & P.O. Address:**
             75 Jackson Avenue
             Syosset, New York 11791-3139
             (516) 357-8100

TO:
PAZER & EPSTEIN, P.C.
Attorneys for Plaintiff
DAVID SILBERSTEIN
**Office & P.O. Address:**
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212


Answer

## CERTIFICATE OF SERVICE

RE:     David Silberstein v. Best Buy Co., Inc.
        Docket No.: 07 CV 5778
        United States District Court, Southern District

STATE OF NEW YORK   )
                    : ss.:
COUNTY OF NASSAU    )

    I, MARILYN C. AVONDET, certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this **ANSWER OF DEFENDANT BEST BUY** to all parties on June 20, 2007 by:

X   Mail service: Regular first class United States mail, postage fully pre-paid, addressed to:

PAZER & EPSTEIN, P.C.
Attorneys for Plaintiff
DAVID SILBERSTEIN
**Office & P.O. Address:**
20 Vesey Street, 7th Floor
New York, New York 10007
(212) 227-1212

Under penalty of perjury, I declare that the foregoing is true and correct.

_____
MARILYN C. AVONDET

Sworn to before me this
20th day of June, 2007

_____
NOTARY PUBLIC

MELISSA A. McGARRY
Notary Public, State of New York
No. 01MC6155688
Qualified in Nassau County
Commission Expires November 13, 20 10

1