# Pazer & Epstein, P.C.

### ATTORNEYS AT LAW
### 20 VESEY STREET
### NEW YORK, NEW YORK 10007
### (212) 227-1212

PERRY PAZER
MARK J. EPSTEIN
MICHAEL JAFFE
JONATHAN N. PAZER
MATTHEW J. FEIN
EUGENE GOZENPUT

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

August 6, 2007

Simmons, Janice & Stagg, LLP
75 Jackson Avenue
Syosset, New York 11791-3139

Attention: Sal F. Deluca

Re:    David Silberstein v. Best Buy Co.

Dear Mr. DeLuca:

Enclosed please find the following:

A.    Plaintiff's Response to First Set of Interrogatories;
B.    Response to Combined Demands;
C.    Combined Demands Made Upon the Defendant;
D.    Authorizations to K-Mart Pharmacy, Elmhurst Pharmacy, Hospital for Special Surgery and Medicare;
E.    Six (6) photos of plaintiff; and
F.    Nine (9) photos the general location.

Previously provided:

1.    Authorization to St. John's Hospital;
2.    Authorization to Dry Harbor Nursing Home; and
3.    Authorization to Richard Gaselberti.

You had agreed that at our last conference to stipulate that this might be a jury trial. A Stipulation was previously forwarded to you. Please be good enough to execute it and return it without delay.

We shall be ready to proceed with depositions as soon as you identify the witnesses in responses to our demands and we are anxious to do so.

Very truly yours,

PAZER & ERSTEIN, P.C.

BY: PERRY PAZER

PP:dr
Enclosures

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DAVID SILBERSTEIN,

                                   Plaintiff,

              -against-

BEST BUY CO., INC.,

                                 Defendant.

-------------------------------------------------------------------X

Docket No. 07 CIV 5778
(JGK)

RESPONSE TO COMBINED
DEMANDS

       The plaintiff hereby responds to the defendant's combined demands as follows, upon information and belief:

       1.      The plaintiff will demand damages not to exceed the sum of $1,000,000,00.

       2.      At the present time, the plaintiff cannot identify witnesses to the happening of the accident and reserves the right to supplement this response following discovery.

       3.      The plaintiff has provided to the defendant, the following:

       1. The record of St. John's Hospital November 24, 2006 to December 1, 2006 and December 22, 2006 to December 26, 2006.

       2. Dry Harbor Nursing Home December 1, 2006 to January 21, 2007.

       The plaintiff reserves the right to provide the defendant with further medical records as they are available.

       4.      Authorizations have previously been provided to the defendant for the following:

       1. St. John's Hospital Queens.

       2. Dry Harbor Nursing Home.

3. Dr. Richard Gaselberti, 111-20 Queens Boulevard, Forest Hills, NY 11375.

4j.    The dates of treatment are above and otherwise available through the health care providers.

k.  The plaintiff resides at 43-07 34th Avenue, Long Island City, NY 11101.

l  (i).  The hospital records contain appropriate identifying information.

(ii).  Plaintiff's Social Security number is 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.

(iii).  The same.

5.    See paragraph 4.

6.    An authorization is attached hereto for pharmacy records.  Said authorization includes the name and address of the pharmacy in question.

7.    The plaintiff was not employed at the time of accident nor for a year prior thereto.

8.    No claim is made for loss of earning capacity or lost earnings as plaintiff was retired for a substantial period of time prior to the happening of this accident.

9.    The plaintiff was not attending any school.

10.    No disability claims was made on behalf of the plaintiff.

11.    No Workers' Compensation claim was made on behalf of the plaintiff.

12.    Attached and made part of this response are 10 photos of plaintiff and 9 photos of the general area of incident.

13.    The plaintiff reserves the right following discovery to provide copies of accident reports made in the normal course of business or by local authorities including but not limited to EMS as they are made available.

14.    The plaintiff presently has no diagrams, drawings, notes or records.

15.    Multiple photos are attached hereto.

16.    Plaintiff has not been involved in any lawsuits within the last 5 years.

17.    There have been no communications between the plaintiff and defendant herein other than through counsel.

18.    None.

19.    None.

20.    The plaintiff was covered by Medicare at the time of accident.    The full details of payments made on his behalf will be made available upon receipt.  An authorization is herewith enclosed permitting the defendant to obtain similar records.

b.  No application has been made by the plaintiff for reimbursement of any other economic loss beyond payment of his medical and hospital bills.

21.    Defendant is the only party.

22i.    The plaintiff reserves the right to provide the defendant with expert identification within 30 days following depositions of the parties.

23.    None.

24.    Counsel is requested to further define demand.

25.    None, other than previously set forth.

26.    None, other than previously set forth.

27.    This accident does not involve slip or trip.

28.    Omit.

29.    None.

30.    This action does not involve damage to plaintiff's property.

31.    Plaintiff reserves the right to include further documents, papers, photographs or other evidence intended to be introduced at trial until 30 days after all discovery and depositions.

32.    None, beyond those previously referred to.  The plaintiff reserves the right within a reasonable time prior to the trial and upon discovery of additional witnesses, or documents of a presently unknown sort to amend this subdivision a reasonable time prior to trial.

33.    None.

34.    None.

35.    The plaintiff will provide copies of police and/or EMS reports as they are made available.

36.    None.

37.    Omit.

Dated: New York, New York
    August 14, 2007

Yours, etc.,

PAZER & EPSTEIN, P.C.

By:
    PERRY PAZER (PP-4094)
    Attorneys for Plaintiff(s)
    DAVID SILBERSTEIN
    20 Vesey Street
    New York, NY 10007
    (212) 227-1212

TO:    SIMMONS, JANNACE & STAGG, LLP
    75 Jackson Avenue
    Syosset, NY 11791
    Attn: Sal F. DeLuca

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID SILBERSTEIN,                                    Docket No. 07 CIV 5778
                                                      (JGK)
                                        Plaintiff,

            -against-                                 PLAINTIFF'S RESPONSE
                                                      TO FIRST SET OF
BEST BUY CO., INC.,                                   INTERROGATORIES

                                        Defendant.
-------------------------------------------------------------X

            The plaintiff hereby responds to the first set of interrogatories, upon information and

belief:

            1.      The plaintiff's Social Security number is 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.

            2.      It will be claimed that the defendant, BEST BUY, was negligent in failing to

provide adequate or sufficient security knowing that by its advertising of "Black Friday Sales" a

substantial number of hopeful patrons would appear before opening. Upon information and belief,

the defendant further adjusted its opening to 4 A.M., substantially before its usual hours in

contemplation of this unique sale opportunity being offered. Despite the fact that the defendant was

aware of the crowd propensities in such sales, the defendant failed in its duty to provide suitable

security and/or crowd control so as to prevent the contingency which here occurred.

            3.      At approximately 4 A.M. on November 24, 2006, the plaintiff attempting to

enter the defendant's premises was knocked down and trampled by a crowd of BEST BUY patrons

who had gathered for the opening of the store at 4 A.M.  The crowd was allowed to be, become and

remain uncontrolled without adequate security, barriers and/or protective devices so as to maintain

order under the circumstances.

4.    The plaintiff having been thrown down and trampled by an estimated crowd of well over 100 people believes that his entire body came into contact with those who were running across him and the ground to which he was thrown.

5.    It is claimed that the event occurred on November 24, 2006, at approximately 4 A.M. at the entrance to BEST BUY locate at 88-01 Queens Boulevard, Elmhurst, NY 11373.

6.    The plaintiff could not have avoided the occurrence since he was not the mover and had the right to believe that he would be protected by the defendant, its servants, agents and/or employees who had invited him to the opening of the store.

7.    Photos of the general location have previously been exchanged.

8.    The plaintiff reserves the right following discovery to identify any other persons with knowledge as such information becomes available.

9.    Notice, either actual or construction is not claimed as an element of the issues herein. However, if upon the trial of this action notice is required both actual or constructive it will be claimed that the defendant its servants agents and/or employees had both actual and constructive notice of the crowding condition and level of anxiety of the invited patrons who had been invited to the store at an early hour for the purpose of getting special benefit bargains. The crowd was opened and notorious at the front entrance way to the defendant's premises by invitation and was therefore a protracted period of time prior to the happening of this event of at least one hour.

11.    It is claimed that the plaintiff suffered massive soft tissue injuries, shock, mental anguish, fear, anxiety, sleeplessness and general disability arising out of being trampled with multiple soft tissue injuries involving the following portions of his body.

a. His right knee with abrasions, aggravation of pre-existent age related conditions involving the right knee requiring the use of an immobilizer, severe aggravation of pre-

existing asymptomatic conditions involving the medial compartment of the right knee, the patella.

        b.  Multiple contusions and abrasions of and about his right hand.

        c.  Multiple contusions and abrasions and hematoma involving the left side of his face and head.

        d.  Severe chest wall bruises with pain on inspiration, respiration, discomfort and disability.

        e.  Radiating pain from the chest to the back.

        f.  Severe low back syndrome with tenderness, backache, pain and limitations of motion, flexion and function involving the spine.

        g. Severe limitations of use of the left and right shoulder with pain, tenderness and disability limitations of motion flexion and function.

        The plaintiff serves the right to supplement the claims herein upon receipt of further medical records and reports.

        All of the aforementioned injuries, resulting disabilities and involvements are associated with further soft tissue injury to the areas traumatically affected, including injury and damage to the associated muscle groups, ligaments, tendons, blood vessels and blood supply, spinal connective tissue and nerve tissue, epithelial tissue, soft tissue, all concomitant to the specific injuries and related to the many portions mentioned hereinabove with resultant pain, deformity and disability, stiffness, tenderness, weakness and restriction, and limitation of motion and possible loss of the use of the above-mentioned parts, atrophy, anxiety and mental anguish, shock, insomnia, and all injuries have substantially prevented this plaintiff from enjoying the normal fruits of activities, both social, educational and economic; shock to the body and nervous system; mental anguish and anxiety and post traumatic mental stress syndrome.

Upon information and belief, all of the aforesaid injuries are permanent and lasting in their nature and character, with the exception of those which were superficial, with permanent effects, as are more fully set forth above, with pain, loss of motion, disability, loss of proper use, atrophy, anxiety, and mental anguish, except wounds, bruises, contusions and abrasions.

All of the aforementioned injuries are believed to be of a permanent nature with permanent effects as though more fully set forth hereinabove and all of the aforementioned necessitated a hospital stay from November 24, 2006 to December 1, 2006 and December 22, 2006 to December 26, 2006 with a nursing home stay from December 1, 2006 to January 1, 2007 with the exception of the above.

12.     The plaintiff did not prior to the happening of this accident, sustain personal injuries of a nature, location and extent as to require protracted medical care and/or hospital stays, however, plaintiff in the course of his 84 years may have suffered transient injuries to various portions of his body and further suffered from underlying age related medical conditions, all of which were activated, aggravated and/or exacerbated by the accident herein complained of. Except plaintiff had operative procedures on his right knee approximately 1968 at Hospital for Special Surgery as an in-patient an authorization of the Hospital for Special Surgery is attached.

13.     The plaintiff cannot identify any health care providers who treated him for similar or identical injuries prior to the happening of this accident as such injuries did not exist as per the response subdivision 12.

14.     The plaintiff reserves the right to amend this response as details of medical bills and expenses are obtained. However, upon information and belief, the plaintiff will claim the following:

St. John's Hospital bill (estimated)  $26,000.00

11/24/06 – 12/1/06 and 12/22/06
– 12/26/06

Dry Harbor Nursing Home              $36,000.00

Physicians' services and medical
supplies (estimated) not to exceed
the sum of     10,000.00

Estimated reasonable value of
future medical care (estimated)     $25,000.00

15.     The plaintiff was not employed at the time of this accident.

Dated: New York, New York
           August 14, 2007

Yours, etc.,

PAZER & EPSTEIN, P.C.

By: _____
PERRY PAZER (PP-4094)
Attorneys for Plaintiff(s)
DAVID SILBERSTEIN
20 Vesey Street
New York, NY 10007
(212) 227-1212

TO:     SIMMONS, JANNACE & STAGG, LLP
          75 Jackson Avenue
          Syosset, NY 11791
          Attn: Sal F. DeLuca

## VERIFICATION

STATE OF NEW YORK        )
COUNTY OF NEW YORK       )       SS:


DAVID SILBERSTEIN                , being duly sworn, deposes and says:

That I am the plaintiff in the within action.  I have read the foregoing PLAINTIFF'S

RESPONSE TO FIRST

SET OF INTERROGATORIES    and know the contents thereof and the same is true to the best

of my knowledge, except as to those matters herein stated to be alleged upon information

and belief and that as to those matters, I believe them to be true.


X _David S. Silberstein_____

DAVID SILBERSTEIN


Sworn to before me this
14 day of ____, 200?.

PERDOV PAZER
Notary Public State of New York
No. ___ PA_042475
Qualified in New York County
Commission expires Feb. 28, 2010

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DAVID SILBERSTEIN,                                    Docket No. 07 CIV 5778
                                                      (JGK)
                                    Plaintiff,

              -against-                               COMBINED DEMANDS MADE
                                                      UPON THE DEFENDANT
BEST BUY CO., INC.,

                                    Defendant.
-------------------------------------------------------------X

        The plaintiff hereby demands of the defendant by his attorneys, PAZER & EPSTEIN,

P.C., that the defendant produce documents and information requested below within thirty (30) days,

in accordance with the Federal Rules of Civil Procedure and the Rules of this Court, at the offices of

PAZER & EPSTEIN, P.C., 20 Vesey Street, New York, NY 10007:

        1.     Pursuant to Rule 26 and Rule 34 of the Rules of this Court, defendant is

required to provide the names and addresses of all witnesses known to the defendant and the

defendant's representatives who will be claimed to be witnesses to the following:

        a. The alleged occurrence in question.

        b. The actions of any of the parties or any non-parties present at the time of

the occurrence, before, during or after the alleged occurrence.

        c. The identity of any party or non-party who came to the assistance of the

plaintiff before, during and/or after the event herein complained of.

        d. The identification of names and addresses of any witnesses to whom it is

alleged admissions may have been made by the plaintiff either before, during or after the event.

        2.     All documents and/or protocol of the defendant, BEST BUY, with relation to

security at the entrance to BEST BUY in effect generally and specifically during the "Black Friday

Sales" such as November 24, 2006.

3.    If no protocol exists so state.

4.    The name and address of each employee of the defendant on duty at the store located at 88-01 Queens Boulevard, Elmhurst, NY 11373, at 4 A.M. on November 24, 2006.

5.    The name and address and full identity of any servant, agent and/or employee of the defendant on duty at or near the front entrance doors of BEST BUY on November 24, 2006, at 4 A.M.

6.    The name and address and full identity of any servant, agent and/or employee of the defendant, BEST BUY, who opened the front door to patrons on the 24th day of November, 2006, at approximately 4 A.M.

7.    Any accident report made in the normal course of business including any report made by or to the local Police Department.

8.    Any notes, records, memoranda, diagrams, drawings and/or photographs made or taken by the defendant or the defendant's representatives with relation to the happening of this accident prior to March 15, 2007, the time of institution of suit.

9.    Copies of any statements, oral, written or electronically recorded taken of servants, agents and/or employees of the defendant or third parties with relation to the happening of this accident in possession and/or under the control of the defendant, its servants, agents and/or attorneys.

10.    All materials in possession of the defendant, defendant's counsel and/or representatives or anyone under defendant's control prepared by any party.  This includes any documents, manuals, videotapes, policies, practices, operating procedures or any other materials whether obtained directly or indirectly relating to this incident.

11.    Produce copies of tapes of surveillance cameras operated by the defendant in proximity to the entrance door to defendant's premises on November 24, 2006, at approximately 4 A.M. at opening of the store.

12.    Provide a schematic diagram of the entrance to the store as it relates to the existence of surveillance cameras both inside and outside the entrance door showing location of surveillance cameras and detailing their identification.

13.    Specifically provide copies of all surveillance camera product which includes the entrance to defendant's store between 3:30 A.M. on November 24, 2006 and 4:15 A.M. of November 24, 2006.

Your failure to timely provide such materials will result in a motion to strike your Answer and move for Summary Judgment.

14.    Pursuant to Rule 26, this plaintiff demands that the defendant provide the following information:

i.    The name and address of every expert retained or employed by you in anticipation of this litigation or preparation for trial whom you expect to call as a witness at the trial;

j.    The subject matter on which the expert is expected to testify;

k.    The substance of the grounds for each such opinions;

l.    A summary of the grounds for each such opinion;

m.    A brief chronological resume of the witness' educational background and professional background, including the associations or societies or which the expert is a member and, if a medical expert, the names and addresses of all hospitals on whose staff such experts are or where such medical experts have courtesy privileges or act as consultants; and

n.    Whether each named expert will testify as an expert at the trial of this case.

15.    State the names, addresses and qualifications of all expert witnesses and other persons known to you to have made studies or analyses.

16.    A copy of the receipt for the docket number purchased or the date the docket number was purchased as per the receipt.

17.    Any films, photographs, video or audio tapes of defendant, including out-takes and transcripts or memoranda thereof.

18.    Copies of all documents, papers, photographs or other evidence intended to be introduced at trial.

19.    Copies of any and all reports prepared by the New York City Police Department pertaining to the incidents alleged in plaintiff's Complaint.

Dated: New York, New York
       August 14, 2007

Yours, etc.,

PAZER & EPSTEIN, P.C.

By:_____
    PERRY PAZER (PP-4094)
Attorneys for Plaintiff(s)
DAVID SILBERSTEIN
20 Vesey Street
New York, NY 10007
(212) 227-1212

TO:    SIMMONS, JANNACE & STAGG, LLP
       75 Jackson Avenue
       Syosset, NY 11791
       Attn: Sal F. DeLuca



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| David Silberstein | 12/06/1922 | 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 |

Patient Address
43-07 34th Ave, Apt 3F, Long Island City, NY 11101

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT,** except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Hospital for Special Surgery, 535 East 70th Street, New York, NY 10021

8. Name and address of person(s) or category of person to whom this information will be sent:\*
Simmons, Jannace & Stagg, LLP, 75 Jackson Avenue, Syosset, NY 11791

9(a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____

☑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☑ Other: medical records from 1968

Include: (*Indicate by Initialing*)

_____ **Alcohol/Drug Treatment**

_____ **Mental Health Information**

_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
            Initials                                    Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: | 11. Date or event on which this authorization will expire: |
|---|---|
| ☐ At request of individual<br>☑ Other: Litigation | At conclusion of my case |

| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |
|---|---|

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_Carl J. Sitter_                          Date: _8/14/07_
Signature of patient or representative authorized by law.

\* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**



**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
OCA Official Form No.: 960
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| David Silberstein | 12│26│22 | 091·14·2720 |

Patient Address
43-07 34th Avenue, Apt #3E, Long Island City, New York 11101

, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996
(HIPAA), I understand that:

. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH
TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on
the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I
initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is
prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I
understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If
I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division
of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are
responsible for protecting my rights.
. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may
revoke this authorization except to the extent that action has already been taken based on this authorization.
. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for
benefits will not be conditioned upon my authorization of this disclosure.
. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this
disclosure may no longer be protected by federal or state law.
. THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL
CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).

Name and address of health provider or entity to release this information:
Kmart Pharmacy – 34th Street & 7th Avenue, Elmhurst, NY

8. Name and address of person(s) or category of person to whom this information will be sent:
Simmons, Jannace & Stagg, LLP, 75 Jackson Avenue, Syosset, NY 11791

9). Specific information to be released:
☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films,
referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: *Pharmacy records*

Include: (Indicate by Initialing)

_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

Authorization to Discuss Health Information
9) ☐ By initialing here _NS_ ✓ I authorize _____
                    Initials                    Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| Reason for release of information:<br>☐ At request of individual<br>☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

Items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a
copy of the form.

_David S. Silbr..._                              Date: __8/4/07__
Signature of patient or representative authorized by law.

*Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could
identify someone as having HIV symptoms or infection and information regarding a person's contacts.



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name David Silberstein | Date of Birth 12/26/22 | Social Security Number 091·14·2720 |
|---|---|---|

Patient Address
43·07 34th Avenue, Apt #3F, Long Island City, New York 11101

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this disclosure may no longer be protected by federal or state law.

**THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

6. Name and address of health provider or entity to release this information:
Elmhurst Memory 79-01 Broady Elmhurst

7. Name and address of person(s) or category of person to whom this information will be sent:
Simmons, Jannace & Stagg, LLP, 75 Jackson Avenue, Syosset, NY 11791   11373

8a). Specific information to be released:
☐ Medical Record from (insert date) _____ to (insert date) _____
☐ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
☑ Other: **Pharmacy records** _____

Include: (*Indicate by Initialing*)
_____ Alcohol/Drug Treatment
_____ Mental Health Information
_____ HIV-Related Information

9. **Authorization to Discuss Health Information**
b) ☐ By initialing here _DS_    ☑ I authorize
                Initials                 Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____ (Attorney/Firm Name or Governmental Agency Name) _____

| Reason for release of information: ☐ At request of individual ☐ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_David Silbert_                          Date: 8/14/07
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.



OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
[This form has been approved by the New York State Department of Health]

| Patient Name David Silberstein | Date of Birth 12/06/1922 | Social Security Number 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 |
|---|---|---|

Patient Address 43-07 34th Ave, Apt 3F, Long Island City, NY 11101

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Medicare

8. Name and address of person(s) or category of person to whom this information will be sent:*
Simmons, Jannace & Stagg, LLP, 75 Jackson Avenue, Syosset, NY 11791

9(a). Specific information to be released:

☐ Medical Record from (insert date) _____ to (insert date) _____

☑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.

☑ Other: Medicare records from 11/24/06 to present

Include: (Indicate by Initialing)

_____ **Alcohol/Drug Treatment**
_____ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
                    Initials                              Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:

_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☑ Other: Litigation | 11. Date or event on which this authorization will expire:<br><br>At conclusion of my case |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____         Date: 8/14/07
Signature of patient or representative authorized by law.

\*  **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**































## **AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
COUNTY OF NEW YORK   )   ss:

**DALIA RIVERA,** being duly sworn, deposes and says:

That deponent is not a party to the action herein, is over the age of 18 and resides in New York County, New York.

That on the 20th day of August, 2007, deponent served the within:

**RESPONSE TO COMBINED DEMANDS**
**PLAINTIFF'S RESPONSE TO FIRST SET OF INTERROGATORIES**
**COMBINED DEMANDS MADE UPON THE DEFENDANT**
**AUTHORIZATIONS & PHOTOS**

UPON:
Simmons, Jannace & Stagg, LLP
75 Jackson Avenue
Syosset, New York 11791

the address designated by attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

**DALIA RIVERA**

Sworn to before me this 20th
day of August, 2007.

Notary Public

ROCHELLE S. SEALES
Notary Public, State of New York
No. 01SE6141509
Qualified in Kings County
Commission Expires Feb. 27, 20_10_

Index No.:  07 CIV 5778 (JGK)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

DAVID SILBERSTEIN,

                                        Plaintiff,

                    -against-

BEST BUY CO., INC.,

                                        Defendant.

---

### RESPONSE TO COMBINED DEMANDS
### PLAINTIFF'S RESPONSE TO FIRST SET OF INTERROGATORIES
### COMBINED DEMANDS MADE UPON DEFENDANT

---

**PAZER & EPSTEIN, P.C.**
**Attorneys for Plaintiff(s)**
**20 Vesey Street, Suite 700**
**New York, New York 10007**
**(212) 227-1212**

---

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R.  Sec. 130-1.1a

**PERRY PAZER, Esq.**, hereby certifies that, pursuant to 22 N.Y.C.R.R. Sec. 130-
1.1a, all of the attached documents indicated above are not frivolous nor frivolously
presented.

Dated: New York, New York
       August 20, 2007                        _____
                                              PERRY PAZER (PP-4094)

---

**PLEASE TAKE NOTICE**

[   ] Notice of Entry            That the within is a true copy of an order entered in the
                                 office of the clerk of the within named court on

[   ] Notice of Settlement       That an Order of which the within is a true copy will be
                                 presented for settlement to the Hon.          , one of the judges
                                 of the within named Court on               at

Dated: New York, New York
       August 20, 2007

                                 PAZER & EPSTEIN, P.C.
                                 Attorneys for Plaintiff(s)
                                 20 Vesey Street
                                 New York, New York 10007
                                 (212)  227-1212