UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DAVID SILBERSTEIN,

                Plaintiff

-against-

BEST BUY CO., INC.,

                Defendant.

------------------------------------------------------------------X

Civil Action No:
07 CIV.5778(JGK)

RESPONSE PURSUANT TO
F.R.C.P. RULE 26

COUNSEL:

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure, Rule 26, the undersigned provides the following information and documents to defendant's counsel:

### Rule 26(a)(1)(A)(B)(C) Initial Disclosure

A. The following individuals may have information pertaining to the happening of this accident; plaintiff's physical condition subsequent to this accident; and the nature of plaintiff's injuries and plaintiff's course of medical care and treatment:

    1. DAVID SILBERSTEIN

    2. Employees and security guards associated with BEST BUY, defendant on duty on November 24, 2006, at approximately 4 A.M., names unknown, identities presently unknown.

3. Staff physicians, nurses and other personnel connected with St. John's Hospital, Queens, New York, 90-02 Queens Boulevard, Queens, New York.

4. Staff physicians, nurses and other personnel of Dry Harbor Nursing Home, Queens Boulevard and Woodhaven Boulevard located in the County of Queens, City and State of New York.

5. Dr. Richard A. Gasalberti, M.D., 111-20 Queens Boulevard, Forest Hills, NY 11375.

6. Operators of surveillance tapes of all surveillance cameras at the entrance to BEST BUY in operation on the 24th day of November, 2006.

7. Any and all witnesses whose names, addresses and identities were obtained by the defendant at the site of accident November 24, 2006 and thereafter.

The plaintiff reserves the right to amend this subdivision following discovery and as later information and identifications of potential witnesses are obtained.

B. The following documents will be used at the time of trial to support plaintiff's claims:

1. St. John's Hospital Queens medical records for hospitalizations November 24, 2006 and December 22, 2006 (and medical bills

for care rendered).

        2. Dry Harbor Nursing Home records for December 1, 2006 to January 21, 2007 (and medical bills for care rendered).

        3. Records of Richard A. Gasalberti, M.D., medical report attached (authorization previously provided).

        4. Photos of plaintiff (previously provided (6)).

        5. Photos depicting area of accident (previously provided).

Plaintiff reserves the right to supplement these provisions as identification of further documents are made available and identified.

    C. Plaintiff submits the following computation of special damages sustained pursuant to Rule 34:

| | |
|---|---:|
| 1. Hospital care (estimated, St. John's Hospital, November 24, 2006 to December 1, 2006) approximately | $26,000.00 |
| 2. Dry Harbor Nursing Home approx. | 36,000.00 |
| Estimated reasonable value of present and future medical care and attention approximately | 25,000.00 |

The plaintiff reserves the right to amend these provisions as exact billing is obtained and the plaintiff concludes the active therapy that he is receiving.

    D. The plaintiff hereby amends his responses to the first set of

Interrogatories upon receipt of additional medical documents as follows. The plaintiff sustained the following injuries:

    A. Right shoulder derangement;

    B. Lumbar derangement; Paraspinal spasms; rediculopathy involving the lower extremities at L4-5 and L5-S1;

    C. Bilateral knee derangements;

    D. Post concussion syndrome with dizziness and unsteadiness, fearfulness and confusion.

    E. His right knee with abrasions, aggravation of pre-existent age related conditions involving the right knee requiring the use of an immobilizer, severe aggravation of pre-existing asymptomatic conditions involving the medial compartment of the right knee, the patella.

    F. Multiple contusions and abrasions of and about his right hand.

    G. Multiple contusions and abrasions and hematoma involving the left side of his face and head.

    H. Severe chest wall bruises with pain on inspiration, respiration, discomfort and disability.

    I. Radiating pain from the chest to the back.

-4-

    J. Severe low back syndrome with tenderness, backache, pain and limitations of motion, flexion and function involving the spine.

    K. Severe limitations of use of the left and right shoulder with pain, tenderness and disability limitations of motion flexion and function.

D. Plaintiff is not in possession of any insurance agreements under Rule 34, this matter is not applicable to the plaintiff.

### F.R.C.P. RULE 26(a)(2)

Other than the medical experts who are treating the plaintiff and the facilities identified herein, expert witness information is not presently available. Expert witnesses, medical and non-medical have not yet been retained to date.

### F.R.C.P. RULE 26(A)(3)

A. The following individuals may have information pertaining to the happening of this accident; plaintiff's physical condition subsequent to this accident; and the nature of plaintiff's injuries and plaintiff's course of medical care and treatment:

    1. DAVID SILBERSTEIN

    2. Employees and security guards associated with BEST

BUY, defendant on duty on November 24, 2006, at approximately 4 A.M.,

names unknown, identities presently unknown.

       3. Staff physicians, nurses and other personnel connected with St. John's Hospital, Queens, New York, 90-02 Queens Boulevard, Queens, New York.

       4. Staff physicians, nurses and other personnel of Dry Harbor Nursing Home, Queens Boulevard and Woodhaven Boulevard located in the County of Queens, City and State of New York.

       5. Dr. Richard A. Gasalberti, M.D., 111-20 Queens Boulevard, Forest Hills, NY 11375.

       6. Operators of surveillance tapes of all surveillance cameras at the entrance to BEST BUY in operation on the 24th day of November, 2006.

       7. Any and all witnesses whose names, addresses and identities were obtained by the defendant at the site of accident November 24, 2006 and thereafter.

       The plaintiff reserves the right to amend this subdivision following discovery and as later information and identifications of potential witnesses are obtained.

       B. Proposed deposition witnesses:

As the defendant has not provided the identities of witnesses, actual or potential to the event, plaintiff must reserve the right to depose the following:

1. All witnesses of the defendant pertaining to the protocol in effect during black Friday sales and particularly the sale of November 24, 2006.

2. All employees of the defendant on duty in or about the front of BEST BUY at 88-01 Queens Boulevard, Elmhurst, on or about between 3 A.M. and 5 A.M. on the 24th day of November, 2006. The individual or individuals employed by the defendant who opened the doors to BEST BUY Queens Boulevard on or about 4 A.M., November 24, 2006.

3. Technicians in charge of surveillance cameras in position on November 24, 2006, on or in the area of the entranceway to BEST BUY, Queens Boulevard, NY.

Plaintiff obviously reserves the right to supplement these demands upon obtaining further discovery from the defendant.

C. The following documents will be used at the time of trial to support plaintiff's claims:

1. St. John's Hospital Queens medical records for hospitalizations November 24, 2006 and December 22, 2006 (and medical bills

for care rendered).

    2. Dry Harbor Nursing Home records for December 1, 2006 to January 21, 2007 (and medical bills for care rendered).

    3. Records of Richard A. Gasalberti, M.D., medical report attached (authorization previously provided).

    4. Photos of plaintiff (previously provided (6)).

    5. Photos depicting area of accident (previously provided).

    Plaintiff reserves the right to supplement these provisions as identification of further documents are made available and identified.

Dated: New York, New York
   August 24, 2007

          Yours, etc.,

          PAZER & EPSTEIN, P.C.

          By: _____
          PERRY PAZER (PP4094)
          Attorneys for Plaintiff(s)
          20 Vesey Street
          New York, NY 10007
          (212) 227-1212

TO:

SIMMONS, JANNACE & STAGG, LLP
75 Jackson Avenue
Syosset, NY 11791

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
COUNTY OF NEW YORK  )   ss:

**YVETTE MORA,** being duly sworn, deposes and says:

That deponent is not a party to the action herein, is over the age of 18 and resides in New York County, New York.

That on the 27th day of August, 2007, deponent served the within:

**RESPONSE TO RULE 26 & MEDICAL RECORDS OF DR. RICHARD GASELBERTI**

UPON:    SIMMONS, JANICE & STAGG, LLP.
         75 Jackson Avenue
         Syosset, NY 11791-3139

         Attn: Sal F. Deluca

the address designated by attorneys for that purpose by depositing a true copy of same enclosed in postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

YVETTE MORA

Sworn to before me this
27th day of August, 2007.

Notary Public

ROCHELLE S. SEALES
Notary Public, State of New York
No. 01SE6141509
Qualified in Kings County
Commission Expires Feb. 27, 20 10

—1—

Civil Action No.: 07CIV.5778(JGK):

THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

===============================================================

DAVID SILBERSTEIN,

                                  Plaintiff,

-against-

BEST BUY, CO., INC.,

                                  Defendant.
===============================================================

## RESPONSE PURSUANT TO F.R.C.P. RULE 26

===============================================================

**PAZER & EPSTEIN, P.C.**
**Attorneys for Plaintiff(s)**
20 Vesey Street, Suite 700
New York, NY 10007
(212) 227-1212

===============================================================

### CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. Sec. 130-1.1a

**PERRY PAZER, ESQ..**, hereby certifies that, pursuant to 22 N.Y.C.R.R. Sec. 130-1.1a, all of the attached documents indicated above are not frivolous nor frivolously presented.

Dated: New York, New York
        August 27, 2007

                                  PERRY PAZER

===============================================================

**PLEASE TAKE NOTICE**

[ ] Notice of Entry          That the within is a true copy of an order entered in the office of the clerk of the within named court on

[ ] Notice of Settlement   That an Order of which the within is a true copy will be presented for settlement to the Hon.      , one of the judges of the within named Court on      at

Dated: New York, New York
        August 27, 2007

                                  PAZER & EPSTEIN, P.C.
                                  Attorneys for Plaintiff(s)
                                  20 Vesey Street
                                  New York, NY 10007
                                  (212) 227-1212