USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/2008

# Pazer & Epstein, P.C.

ATTORNEYS AT LAW
20 VESEY STREET
NEW YORK, NEW YORK 10007
(212) 227-1212

JAN 15 2008
CHAMBERS OF
JUDGE JOHN G. KOELTL

PERRY PAZER
MARK J. EPSTEIN
MICHAEL JAFFE
JONATHAN N. PAZER
MATTHEW J. FEIN
EUGENE GOZENPUT

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

January 10, 2008

United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Attention: Honorable John G. Koeltl

Re: David Silberstein v. Best Buy Co., Inc.
Docket No.: 07 CV 5778

*[Handwritten endorsement: Application granted. The plaintiff may depose Mr. Clark as requested. So ordered. JGK 1/15/08 USDJ]*

Dear Judge Koeltl:

This acknowledges by both counsel with appreciation the extension granted, so that we may complete discovery.

By agreement I am writing and requesting a directive from the Court which will definitively answer an issue which we have not been able to resolve.

In response to our discovery demands to Best Buy Co., Inc. a specific line of inquiry was as follows:

> All documents and/or protocol of the defendant, Best Buy with relation to security at the entrance to Best Buy in effected generally and specifically during the Black Friday sales such as November 24, 2006."

In response to that demand dated December 6, 2007, Mr. DeLuca on behalf of Best Buy submitted the following response

> "Best Buy had no written protocol and or documents with relation to security and/or crowd control at the entrance to the Best Buy Store in question for the opening and pre-opening hours of November 24, 2006". The response was not responsive as we were requesting procedures for this major retail entity and not just this store.

Page -2-
Re: David Silberstein v. Best Buy Co., Inc.
January 10, 2008

Thereafter we discovered an article in Newsday dated November 20, 2007, (photostatic copy is attached). A human resource manager, Mary Ann Claps was interviewed with relation to Best Buy store procedures for "Black Fridays". It speaks about Best Buy training one hundred (100,000) thousand employees who are going to participate in Black Fridays (See second paragraph of article).

A second previous demand made upon this defendant was "all materials in possession of defendant, defendant's counsel and/or representatives or anyone under defendant's control prepared by any party, this includes any documents, manuals, videotapes, policies, practices, operating procedures or any other materials whether obtained directly or indirectly relating to this incident." This demand was never even answered by defendant.

Clearly Mary Ann Claps a human resources manager for a national retail chain is an appropriate witness to question as to "Best Buy's" procedures nationwide.

Mr. DeLuca has not agreed to permit us to depose her even though she was noticed for deposition and he is also asking to restrict my questioning to this specific store.

I respectfully request an unrestricted opportunity to exam Ms. Claps dealing with all studies, memoranda and internal material with relation to Black Friday and its impact on the Best Buy stores nationwide including but not limited to this store.

Very truly yours,

PAZER & EPSTEIN, P.C.

BY: PERRY PAZER

PP:dr
Enclosure
cc: Simmons, Jannace & Stagg, LLP
    75 Jackson Avenue
    Syosset, New York 11791-3139
    Attention: Sal F. DeLuca